UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-22597-Civ-Williams/Sanchez

RANGERS INTERNATIONAL
FOOTBALL CLUB, PLC,

    Plaintiff,

v.

KRF CAPITAL, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

    This matter is before the Court on Defendant KRF Capital, LLC's ("KRF") Motion for Attorneys' Fees against Rangers International Football Club, PLC ("Rangers").[1] ECF No. 32. For the reasons set forth below, the undersigned hereby recommends that KRF's motion for attorneys' fees be **DENIED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

    On August 16, 2022, Rangers, a Scottish football club, filed a complaint against KRF, an investment advisory firm, alleging trademark infringement, trade dress violation, and false designation of origin under the Lanham Act. ECF No. 1 at ¶ 1. In addition to the monetary and injunctive relief sought in its complaint, Rangers also requested that the Court issue an expedited temporary restraining order or preliminary injunction to stop KRF's allegedly unlawful use of Rangers' trademarks and branding. *See* ECF No. 7 at ¶¶ 31, 57.

---

[1] KRF's motion was originally referred to Magistrate Judge Chris M. McAliley for a report and recommendation, EFC No. 35, but the matter was later reassigned to the undersigned, EFC No. 37.

According to Rangers' initial complaint, the events that gave rise to the this case began after Rangers declined KRF's offer to acquire a controlling stake in the Rangers enterprise. *See* ECF No. 1 at ¶¶ 11-17. Rangers alleged that KRF—using an "Investor Deck" that unlawfully employed Rangers' "branding and trademark proprietary material"—then began soliciting potential investors (including Rangers' corporate clients) with a non-existent "rare opportunity" to acquire a controlling ownership interest in Rangers, and that KRF did so purporting to act "on behalf of [Rangers'] current owners" and with the endorsement of Rangers' board, but without actually having Rangers' consent or authorization. *Id.* at ¶¶ 2, 17-18, 28. Specifically, Rangers claimed that the Investor Deck was intentionally misleading because it falsely suggested that: (1) Rangers was for sale; (2) Rangers was working with KRF to sell a controlling stake in the enterprise; and (3) Rangers had authorized KRF's offer and presentation.[2] *Id.* at ¶ 19.

On September 6, 2022, KRF moved to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction. ECF No. 19. On September 12, Magistrate Judge McAliley held a brief telephonic status conference on Rangers' motion for a temporary restraining order or preliminary injunction and stayed the proceedings on that motion pending resolution of KRF's motion to dismiss. ECF No. 20-22. On September 20, 2022, before the Court ruled on KRF's motion to dismiss, and in lieu of filing a response to KRF's motion to dismiss, Rangers filed its First Amended Complaint. ECF No. 25. Within three days, on September 23, 2022, KRF once again moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. ECF No. 26. Rangers filed a response in opposition to KRF's motion to dismiss, ECF No. 28, and on October 12, 2022, KRF filed a reply brief in support of its motion to dismiss the amended

---

[2] While the complaint expressly acknowledged that, because Rangers is a public limited company, its "ownership shares may be freely sold and traded to the public," ECF No. 1 at ¶ 8, Rangers alleged that the nature of KRF's investment solicitations was fraudulently misleading because it falsely suggested that Rangers had authorized and was participating in the investment solicitation.

complaint, ECF No. 29. On the following day, Rangers filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. ECF No. 30. On October 27, 2022, Judge Williams entered an order dismissing the case *without prejudice*. ECF No. 31.

From the August 16, 2022 filing of Rangers' initial complaint to the October 13, 2022 filing of Rangers' notice of voluntary dismissal without prejudice, a total of 58 days had passed.

On December 7, 2022, KRF filed its Motion for Attorneys' Fees, which argues that KRF is entitled to attorneys' fees because Rangers brought the underlying lawsuit in bad faith, without any legal or factual basis, as a "bullying tactic" to keep KRF Capital and its principal, Kyle Fox, from acquiring an ownership stake in the Rangers club. ECF No. 32 at 1.[3] Specifically, KRF alleges that Rangers litigated the underlying case in bad faith because: (1) Rangers made false allegations that were belied by the face of the complaint; (2) Rangers brought infringement claims that lacked basis in fact; and (3) Rangers unreasonably and vexatiously multiplied the proceedings. *Id.* at 12-18. In the alternative, KRF asks the Court to convert Rangers' voluntary dismissal *without prejudice* "into a dismissal *with prejudice* and award attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a), given the 'exceptional' nature of this case." ECF No. 32 at 1; *see also id.* at 18-19.

## II. LEGAL ANALYSIS

**A.  KRF Is Not Entitled to Attorneys' Fees Pursuant to the Court's Inherent Authority.**

"Courts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citing *Chambers v.*

---

[3] When citing to KRF's motion for attorneys' fees, this Report and Recommendation uses the motion's internal pagination rather than the CM/ECF pagination. The same is true for other filings in which a document's internal pagination and the CM/ECF pagination do not match.

*NASCO, Inc.*, 501 U.S. 32, 46 (1991)).  This power "must be exercised with restraint and discretion" and includes the ability to appropriately sanction "conduct which abuses the judicial process."  *Id.* (quoting *Chambers*, 501 U.S. at 44-45).  Inherent power allows courts to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Chambers*, 501 U.S. at 45-46 (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)).  "In the context of inherent powers, the party moving for sanctions must show *subjective* bad faith."  *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).  In the absence of direct evidence of subjective bad faith, this standard can be met with conduct that is "so egregious that it could only be committed in bad faith."  *Purchasing Power*, 851 F.3d at 1224-25.  But "[r]ecklessness alone does not satisfy the inherent powers standard; there must be more."  *Id.* at 1225.  Conduct that typically reveals bad faith includes: "fraud on the Court, proof of forum shopping, unreasonable and vexatious multiplying of proceedings, pursuing a case barred by the statute of limitations, or purposely vexatious behavior."  *Absolute Activist Value Master Fund Ltd. v. Devine*, 826 F. App'x 876, 878-79 (11th Cir. 2020).

Here, KRF argues that Rangers acted in bad faith for three reasons.  First, KRF argues that Rangers acted in bad faith when it "recklessly" made fraud allegations that were "belied on the face of the complaint."  ECF No. 32 at 11-13.  Second, KRF argues that Rangers acted in bad faith when it "recklessly" brought infringement claims that "lacked any basis in fact or law."  *Id.* at 11, 13-15.  Third, KRF argues that Rangers "unreasonably and vexatiously multiplied the proceedings" when it filed its expedited TRO motion, amended complaint, response in opposition to KRF's motion to dismiss, and request for further amendment and jurisdictional discovery.  *Id.* at 15.  For the following reasons, the undersigned finds KRF's arguments unavailing.

First, KRF's arguments and the record in this case simply do not establish that Rangers' fraud allegations against KRF were the result of bad faith.  On the contrary, the factual basis

underlying Rangers' claims and the record and procedural history of this case indicate that Rangers had a good faith colorable basis to pursue its claims. Contrary to KRF's arguments, *see, e.g.*, ECF No. 32 at 12, Rangers never contended that shares in Rangers were not available for purchase by the public. On the contrary, Rangers explicitly stated in its complaint that it is a "public limited company" and that its "ownership shares may be freely sold and traded to the public." ECF No. 1 at ¶ 8.[4] Moreover, Rangers' claims of fraud were not based on KRF's mere representations that Rangers' shares could be purchased. Rather, Rangers alleged that the nature and content of KRF's investment solicitations was fraudulently misleading. Specifically, Rangers alleged that KRF created a false and fraudulently misleading association between KRF and Rangers in its investor solicitations when KRF used Rangers' trademarks and branding—without Rangers' consent or authorization—in its Investor Deck to mislead investors into believing that KRF's investment solicitation was authorized or endorsed by Rangers. *See, e.g.*, ECF No. 1 at ¶¶ 2, 17-18, 28; ECF No. 7 at ¶¶ 24, 27. To support its allegations, Rangers included the Investor Deck with its complaint, ECF No. 1-3 at Ex. 9, and recited some of the allegedly misleading statements that had been made by KRF in that Investor Deck, *see, e.g.*, ECF No. 1 at ¶ 18. Additionally, contrary to KRF's argument, Rangers' decision to amend its complaint and tailor (but not "scrub," as KRF claims; *see* ECF No. 32 at 13) its fraud allegations and claims in response to KRF's initial filings amounts to nothing more than ordinary, prudent litigation conduct that weighs *against* a finding of bad faith in the circumstances of this case, and, if anything, demonstrates an effort to focus or narrow the issues to be litigated. Here, KRF has simply not established that Rangers' allegations of fraudulently misleading statements by KRF amounts to bad faith.

---

[4] Rangers further clarified in its amended complaint that, while Rangers is a public limited company that "has offered shares of its stock to the general public," it is "not a publicly traded company." ECF No. 25 at ¶ 10.

Second, KRF argues that Rangers engaged in bad faith conduct when it "recklessly" brought infringement claims that "lacked any basis in fact or law." ECF No. 32 at 11. As a threshold matter, as discussed earlier, recklessness is not what triggers the Court's inherent powers to sanction. *See, e.g.*, *Purchasing Power*, 851 F.3d at 1225. Rangers, moreover, did provide detailed allegations and exhibits which explained the factual background of its claims. *See* ECF No. 1. Specifically, Rangers alleged that, after it rejected both KRF's offer to acquire at least 75% of the Rangers enterprise and KRF's subsequent offer to acquire a smaller ownership interest, KRF "created and was circulating" a presentation (the "Investor Deck") that used Rangers' trademarks and branding without Rangers' authorization to solicit new ownership in Rangers. *Id.* at ¶¶ 17-19; *see also* ECF No. 1-3 at Ex. 9. Rangers' U.S. counsel then sent a cease-and-desist letter to KRF and KRF partner Kyle Fox requesting that they stop communications about the alleged investment opportunities in Rangers and stop the unauthorized use of Rangers' intellectual property. ECF No. 1 at ¶ 25; ECF No. 1-3 at ¶ 27 & Ex. 11. Rangers, however, received no response from KRF or Fox, and it instead learned that KRF had continued its misleading communications and solicitations regarding the sale of Rangers. ECF No. 1 at ¶¶ 26-28; ECF No. 1-3 at ¶¶ 26-27. Against this factual background, Rangers had reason to believe that KRF was using its trademarks and branding to misleadingly solicit potential investors for an investment opportunity that appeared to be endorsed by Rangers but that did not have Rangers' consent or authorization. Under these circumstances, the record simply does not establish that Rangers initiated and continued its brief pursuit of this litigation in bad faith.

Furthermore, even assuming, as KRF does, that KRF would have prevailed on its motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction—questions that the undersigned does not resolve on this motion for attorneys' fees—that would not establish that Rangers acted with subjective bad faith in this litigation. Indeed, even if Rangers' arguments and

claims ultimately proved unable to withstand KRF's motion to dismiss—a question that the undersigned reiterates he is not resolving on this motion for attorneys' fees—"there is a distinction between 'lack of merit' and bad faith," *Silverthorne v. Yeaman*, No. 12-20325-CIV, 2018 WL 6919784, at *2 (S.D. Fla. Feb. 26, 2018), and "equat[ing] lack of merit with bad faith" is "a fallacy that would lead to the conclusion that every losing party had litigated in bad faith." *In re Porto*, 645 F.3d 1294, 1305 (11th Cir. 2011).

KRF's reliance on cases such as *Celsius Holdings, Inc. v. A SHOC Beverage, LLC*, No. 21-80740-CV, 2022 WL 3568042 (S.D. Fla. Jul. 19, 2022), to argue to the contrary, *see, e.g.*, ECF No. 32 at 14, does not aid its efforts to establish bad faith by Rangers in this case. The *Celsius* decision, for example, did not find bad faith due to its conclusion that the plaintiff's claims were weak or lacking in merit. Rather, the district court found that it was "the weakness of Plaintiff's claims, *combined with its conduct throughout the discovery process*," that "r[o]se to the level of bad faith." *Celsius Holdings, Inc.*, 2022 WL 3568042, at *3 (emphasis added). That conduct involved an unjustified "failure to meaningfully participate in discovery" that necessitated multiple defense discovery motions because the plaintiff failed to "produce[] a single document, answer[] a single interrogatory, or produce[] any evidence supporting its allegations" even though there were only six weeks left before the close of discovery. *Id.* at *4. Indeed, the district court found "that Plaintiff 'needlessly obstruct[ed] the litigation' of its own claims" and that "sanctions . . . [we]re therefore appropriate." *Id.* In stark contrast, Rangers' litigation of this case has not involved any obstructive or rules-violative conduct, or any other litigation shenanigans, that would support a finding of bad faith.

Here, the strengths and weaknesses of Rangers' claims and arguments and whether KRF would have prevailed or whether Rangers would have prevailed if the litigation had continued are not the issue. The issue before the Court is whether Rangers litigated with subjective bad faith.

7

The record in this case, including the factual circumstances set forth in Rangers' filings, the filed Investor Deck, and Rangers' response to KRF's motion to dismiss Rangers' amended complaint, *see* ECF No. 28, demonstrate, in the undersigned's opinion, that Rangers advanced colorable, good faith claims and arguments in these proceedings. Moreover, nothing about Rangers' litigation conduct was in any way obstructive to the proceedings. Notwithstanding KRF's arguments to the contrary, the record simply does not establish that Rangers and its counsel acted in bad faith. Certainly, there is nothing about Rangers' conduct that was "so egregious that it could only [have been] committed in bad faith." *See Purchasing Power*, 851 F.3d at 1224-25.

Lastly, the record does not support KRF's arguments that Rangers "unreasonably and vexatiously multiplied the proceedings." First, contrary to KRF's arguments, *see* ECF No. 32 at 15-16, Rangers did not multiply the proceedings when it initiated the case with a motion seeking a TRO or a preliminary injunction because it is only possible to prolong proceedings after the lawsuit has begun. *See, e.g.*, *Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006) (citing *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986)). Rangers also did not engage in the type of conduct that courts typically find vexatious, such as disregarding court orders, violating rules, knowingly withholding required discovery, making misrepresentations to the court, or causing opposing counsel to incur needless and unjustified costs. *See, e.g., Eldredge v. EDCare Mgmt., Inc.*, 766 F. App'x 901, 905-06, 908 (11th Cir. 2019) (holding that the plaintiff "needlessly obstructed the litigation and multiplied proceedings" through "unreasonable and vexatious conduct" that included "withholding critical discovery documents"). On the contrary, the record in this case affirmatively establishes that Rangers did not unreasonably and vexatiously multiply the proceedings in this case.

From the August 16, 2022 filing of Rangers' complaint, ECF No. 1, to the October 13, 2022 filing of Rangers' notice of voluntary dismissal, ECF No. 30, only 58 days elapsed.

8

Discovery never even commenced in this case. Other than motions seeking authorization for pro hac vice representation, Rangers only made four court filings after August 13. The first was a reply in support of its motion for a TRO or preliminary injunction, ECF No. 17, which called for no response and which could not possibly have served to multiply the proceedings. The second filing was Rangers' amended complaint. Due to the nature of the amendments in that amended complaint, KRF required no more than 10.2 hours of attorney time to respond with a motion to dismiss. ECF No. 32-2 at 19. The third Rangers filing was its response to KRF's motion to dismiss, a response in which Rangers for the first time defended its claims against KRF's efforts to seek dismissal and in which Rangers requested permission to conduct jurisdictional discovery in response to a jurisdictional challenge that KRF had mounted.[5] ECF No. 29. Finally, Rangers' fourth filing was the notice of voluntary dismissal that brought the litigation of its claims to an end. Given this procedural history and the factual circumstances of this case, the undersigned finds that Rangers did not unreasonably or vexatiously multiply the proceedings in this case.

Further, contrary to KRF's arguments, *see* ECF No. 32 at 17-18, Rangers' voluntary dismissal in this case does not establish that it had been litigating in bad faith. Although KRF attempts to establish bad faith by inviting the Court to infer that Rangers filed its notice of voluntary dismissal simply to escape "accountability for its bad faith litigation" through an award of attorneys' fees under the Lanham Act, *see* ECF No. 32 at 17-18, neither that inference nor the

---

[5] While KRF complains that Rangers' response to KRF's motion to dismiss was lacking in merit and unreasonably and vexatiously multiplied the proceedings in this case, *see* ECF No. 32 at 17, the undersigned does not find that Rangers acted unreasonably or vexatiously to multiply the proceedings by responding, for the first time, to KRF's efforts seeking dismissal of Rangers' claims with arguments that the undersigned has already found were colorable and not asserted in bad faith. On the other hand, it is curious that KRF claims that Rangers' response unreasonably multiplied the proceedings when KRF's attorneys spent more than twice as much time on this litigation after Rangers filed its notice of voluntary dismissal than they did preparing a reply to Rangers' response. *Compare* ECF No. 32-2 at 19 (27.7 hours on reply) *with id.* at 19-21 (62.2 hours after notice of voluntary dismissal).

finding of bad faith are warranted on this record. As previously explained, this record does not demonstrate that Rangers was litigating in bad faith or that Rangers engaged in any improper or obstructive conduct prior to its voluntary dismissal. Moreover, this case is utterly unlike the *Celsius Holdings* decision on which KRF relies, *see* ECF No. 32 at 18. In *Celsius Holdings*, the timing of plaintiff's voluntary dismissal was found to be indicative of bad faith because the plaintiff had previously "refus[ed] to meaningfully participate in discovery"—refusing to answer requests for admissions, lodging improper boilerplate objections that the district court found did not reflect good faith, and "fail[ing] to produce any documents or other evidence"—and because the plaintiff filed its notice of voluntary dismissal "on the eve of the hearing" in which its obstructive conduct was going to be addressed by the court. *Celsius Holdings, Inc.*, 2022 WL 3568042, at *3. It was those "combined" factual circumstances that were found to "rise to the level of bad faith" in *Celsius Holdings*. *Id.* In contrast, the record in this case does not establish that any obstructive, improper, or otherwise bad faith conduct preceded the filing of Rangers' notice of voluntary dismissal. Moreover, Rangers' counsel has provided a reasonable and credible explanation for Rangers' voluntary dismissal in the context of this litigation. *See* ECF No. 33 at 7. On this record, there is simply no valid reason to draw any inference of bad faith from Rangers' filing of its notice of voluntary dismissal.

For the foregoing reasons, the undersigned finds that KRF has not established that it is entitled to attorneys' fees pursuant to the Court's inherent authority.

**B. <u>Dismissal with Prejudice Is Not Warranted.</u>**

As an alternative to relief pursuant to the Court's inherent powers, KRF requests that the Court convert Rangers' voluntary dismissal without prejudice into a dismissal *with prejudice*, make KRF the prevailing party, and then award KRF attorneys' fees under the Lanham Act, 15

U.S.C. § 1117(a), due to the "exceptional nature of this case."  ECF No. 32 at 18-19.  The undersigned finds such relief is not warranted in this case.

As a threshold matter, the cases on which KRF relies to convert a voluntary dismissal without prejudice into a dismissal with prejudice, *see* ECF No. 32 at 18, both involved the granting of such relief as a discovery sanction pursuant to Rule 37 of the Federal Rules of Civil Procedure.  *See Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 888-99 (11th Cir. 2014); *Celsius Holdings, Inc.*, 2022 WL 3568042, at *2.  Here, however, KRF has no basis for seeking a discovery sanction or invoking Rule 37.  Additionally, Rule 41(b), which addresses involuntary dismissals, provides that a defendant can seek an involuntary dismissal, which can be either with or without prejudice, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  None of those circumstances apply in this case.  Accordingly, although KRF is seeking "dismissal conversion" relief as an alternative to the Court's exercise of its inherent powers, KRF has failed to provide applicable authority for granting such alternative relief.

Nevertheless, assuming that there is applicable authority beyond Rule 37, Rule 41(b), or the Court's inherent powers that would allow conversion of a dismissal without prejudice into a dismissal with prejudice, KRF has not established that such relief is warranted in this case.  As a general matter, "dismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt and that lesser sanctions would not suffice."  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1340 (11th Cir. 2005).  Indeed, "[b]ecause dismissal with prejudice is a drastic sanction, a district court may implement it only as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and lesser sanctions would not suffice."  *Zow*, 595 F. App'x at 889; *see also Celsius Holdings, Inc.*, 2022 WL 3568042, at *2 (quoting *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993)) ("'Dismissal

11

with prejudice is the most severe Rule 37 sanction,' but it 'may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault.'").

As an initial matter, Judge Williams has previously determined that a dismissal *without prejudice* was appropriate in this case. *See* ECF No. 31 (paperless dismissal order case that specifically "ORDERED AND ADJUDGED that this action is DISMISSED WITHOUT PREJUDICE"). Nothing in this record establishes that Rangers' conduct in this litigation amounts to the type of willful or bad faith conduct that warrants revisiting that ruling or converting Rangers' procedurally-appropriate voluntary dismissal without prejudice pursuant to Rule 41(a) into an involuntary dismissal with prejudice. As the undersigned has already explained, Rangers' conduct in this litigation did not amount to bad faith. Moreover, KRF has not established a clear record of delay or willful contempt by Rangers, one of the two elements that are "*essential* before dismissal with prejudice is appropriate." *Betty K Agencies, Ltd.*, 432 F.3d at 1339 (citing *Mingo v. Sugar Cane Growers Co-op. of Florida*, 864 F.2d 101, 102-03 (11th Cir. 1989)) (emphasis in original).[6] An involuntary dismissal with prejudice in this case is thus not warranted.

Finally, even assuming that the circumstances in this case did justify a conversion of the dismissal in this case to a dismissal with prejudice, KRF has still failed to establish that it is entitled to the attorneys' fees that it seeks. Indeed, even if this case were dismissed with prejudice and KRF were deemed to be the prevailing party, KRF has not established that this is one of the "exceptional" cases that justifies an award of attorneys' fees to a defendant under 15 U.S.C. § 1117(a). On the contrary, KRF has failed to establish that Rangers brought or litigated this suit in bad faith case or that Rangers otherwise engaged in any misconduct. This 58-day litigation

---

[6] The other essential element for a dismissal with prejudice is a finding that lesser sanctions are inadequate to correct a plaintiff's sanctionable misconduct, *see Betty K Agencies, Ltd.*, 432 F.3d at 1339, but consideration of that second element is never even reached in this case because KRF has not established any sanctionable conduct.

simply does not qualify as an "exceptional" case warranting an award of attorneys' fees under § 1117(a).

For these reasons, KRF is not entitled to attorneys' fees under its alternative theory of relief.

### III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that KRF Capital LLC's Motion for Attorneys' Fees, ECF No. 32, be **DENIED**.

**No later than eight (8) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Response to any written objections to this Report and Recommendation will be due **no later than seven (7) days after the filing of those objections.** Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida, this 31st day of August 2023.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Kathleen M. Williams
      Counsel of Record